**UNITED STATES of America**

v.

**Anthony Jerome BARR.**

**Crim. No. 5:91CR00049 (WWE).**

United States District Court,
D. Connecticut.

Nov. 23, 1992.

Althea Seaborn, Bridgeport, CT, for U.S.

Andrew Sabetta, Jr., Derby, CT, for defendant.

### RULING ON DEFENDANT ANTHONY JEROME BARR'S MOTION FOR JUDGMENT OF ACQUITTAL

EGINTON, Senior District Judge.

Following a jury trial in the above matter, the defendant Anthony Jerome Barr moves the Court pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure for an order setting aside the guilty verdict in this case on Counts 1, 7 and 8. Defendant Barr requests judgment of acquittal on all three counts. For the reasons set forth below, defendant Barr's post-trial motion for judgment of acquittal will be denied.

With respect to Count 1, the conspiracy count, defendant Barr claims that, although he did participate in the events of July 26, 1991, he did so as an undercover agent for the Bridgeport Police Department. His intention was to assist in post-transaction arrests.

As the government has properly pointed out in its papers filed in opposition to an identical motion for judgment of acquittal filed by co-defendant Samuel McAllister, a court ruling on a Rule 29(c) motion must view the evidence in the light most favorable to the government.

Based upon the evidence, the jury could have found that the conspiracy alleged in the indictment began in or about December, 1990 and continued through the date of the arrest of the defendant Barr on July 26, 1991. There is no evidence that Barr was a part of this conspiracy prior to the date of his arrest. On the morning of July 26, 1991 one Arthur Preston, a suspected member of the conspiracy whose home was under constant police surveillance, entered that residence, a multi-apartment building, accompanied by defendant Barr and co-defendant McAllister. Undercover officer Terry Pireaux met Arthur Preston in Preston's home later on July 26th. Prior to meeting with Preston, agent Pireaux had been informed by other officers that Barr and McAllister had accompanied Preston into the Preston residence. Although Preston informed Pireaux that no other people were present in the building, Pireaux searched and encountered defendant Barr, who pointed an MAC 11/.9 mm semi-automatic pistol at him. Pireaux feared for his life and did not further search the apartment. Subsequently, Barr came out of hiding and encouraged Preston to show Pireaux a quantity of cocaine which Preston represented to be a sample.

Although McAllister and Barr had entered the Preston residence about an hour before the undercover agent, neither had left the building by the time Preston walked out with Pireaux and was arrested. Shortly thereafter, Barr was apprehended and admitted that he was on the scene to provide protection for a drug deal that would take place when Dominican suppliers delivered the cocaine. Barr testified at trial in great detail about the transaction, attempting to avoid responsibilities of co-conspirator by claiming he was working as an informant for the Bridgeport Police.

A conspiracy may be established entirely through circumstantial evidence. *United States v. Torres,* 901 F.2d 205, 220 (2d Cir.1990). There is an abundance of evidence presented to the jury to support the existence of the conspiracy involving Dominican suppliers from December, 1990 to July

26, 1991. Although Barr was not connected to the conspiracy until the final day, participation in a single act in furtherance of a conspiracy may be sufficient to support a conviction. *United States v. Miranda–Ortiz,* 926 F.2d 172, 176 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 347, 116 L.Ed.2d 287 (1991). The government is not required to prove that Barr knew every objective of the conspiracy, every detail of the operation of the conspiracy, or the identity of every co-conspirator. *United States v. Wiley,* 846 F.2d 150, 153–54 (2d Cir.1988). It is sufficient to show that Barr knew generally of the conspiracy objectives and sought to make it succeed.

■ Barr's testimony at trial, combined with testimony of undercover agent Pireaux, proves that Barr and Preston discussed the details of the drug deal and Barr's important role as armed security during that deal.

■ The conduct of all the players as well as all of the pieces of evidence must be viewed together and not in isolation when a conspiracy is being considered. *United States v. Macklin,* 927 F.2d 1272, 1277–78 (2d Cir.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 146, 116 L.Ed.2d 112 (1991). The evidence very strongly supports the jury's verdict of guilty on the conspiracy count. Furthermore, the court finds that a single conspiracy existed in this case. A single conspiracy does not become a multiple conspiracy merely by lapse of time or change in its membership. *United States v. Aracri,* 968 F.2d 1512, 1521–23 (2d Cir.1992).

With respect to Counts 7 and 8, the jury properly found that Barr was guilty of possession of a controlled substance with intent to distribute. The intent to distribute cocaine was clear from all the circumstances surrounding the transaction. Although the entire 3 kilograms which was the subject of the drug deal were not produced, the sample was represented as part of that larger package which Preston intended to distribute.

■ Admittedly, there was no proof that Barr ever had actual possession of any of the cocaine. It is not necessary that he have physical contact with the cocaine in order to be convicted of possession, since possession may be constructive. *United States v. Torres,* 901 F.2d 205, 221 (2d Cir.1990). The security provided by Barr was necessary for Preston to successfully distribute the large quantity of cocaine to the undercover officer. Even though Barr did not have actual possession of the cocaine, once he joined the conspiracy he became responsible for acts performed in furtherance of that conspiracy and could be equally accountable as a principal for the substantive crime, which was inextricably linked to the conspiracy. *United States v. Martin,* 920 F.2d 345, 349 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2038, 114 L.Ed.2d 122 (1991).

■ In order to be convicted of aiding and abetting, a defendant must be shown to have knowingly associated with and participated in the criminal venture in a manner designed to accomplish its goal. *United States v. Mariani,* 539 F.2d 915, 919 (2d Cir.1976). The government in this case proved that Preston possessed the sample of cocaine on July 26th and intended to distribute the larger quantity of cocaine. The evidence taken as a whole establishes that Barr not only knew of the cocaine deal on July 26th, but also that he acted in a manner which would facilitate the drug deal and insure that it succeeded. Barr was not a mere presence at the scene. The evidence strongly supports the jury verdict that Barr was an aider and abettor to Preston and hence could be held responsible as a principal. The jury verdict on Count 7 was amply supported by the evidence. Accordingly, the jury verdict as to Count 7 should be affirmed, and since Count 8 rested upon affirmance of Count 7, the jury verdict on Count 8 should also be upheld.

Accordingly, defendant Barr's motion for judgment of acquittal is **DENIED.**